

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00146-CR

**QUEST AL'JAVAUGHN JONES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-516-C1**

## CONCURRENCE

In the third issue in this proceeding, the appellant complains that $3,000 of fees for an investigator are improperly assessed against him in the judgment as court costs. The Court, however, holds that the issue is moot because the costs were voluntarily paid. First, the investigator's fees are simply not assessed against the appellant in the judgment at all. They are not there by incorporation or otherwise. Thus, the judgment cannot be in error for improperly including the investigator fees. Second, there is no evidence that "payment" was actually made, or if payment was made, it was voluntarily made.

This case presents a good example of why we should limit our review to the trial court's judgment and not attempt to address alleged errors in the clerk's bill of costs in a direct appeal of the trial court's judgment. If there is nothing wrong with the trial court's judgment, we should overrule the issue and affirm the judgment; or, if there is something wrong with the judgment that we are authorized to fix, then we should fix it.

In this proceeding, the trial court made no error with regard to the challenged item of costs because it is not assessed in the judgment; thus, any problem with regard to that particular billed item is solely due to the district clerk's actions. If any entity, including TDCJ, tries to collect what is not owed as determined by the trial court's judgment due to the clerk's actions, the inmate can bring that issue to the attention of the trial court by one of the other available procedures; and if the trial court fails to fix the errors of the clerk, then the inmate can appeal that trial court error to this Court in a proper manner, on a proper record, and at the proper time. Accordingly, because the investigator's fees are not assessed as court costs in the trial court's judgment, the issue should be overruled on that basis.

Finally, I note that the issue is not moot. The Court's opinion turns on a finding that there was a voluntary payment of the investigator's fees which is the basis of the Court's holding that the issue is moot. The only "evidence" of any payment in the record is a column heading and entry on a document that is labeled a bill of costs.[1] (CR 232, CR

---

[1] None of the documents are properly certified as a bill of costs. The document at CR 232 is purportedly attached to the judgment. But it cannot be part of the judgment because it was not created until 3 days after the judgment was signed. The document at CR 234 is attached to a document titled "Order to Withdraw Funds" which purports to be inversely incorporated into the trial court's judgment. But the attachment cannot be part of the Order because, like the judgment, the attachment was not created until 3

234, CR 250).  The document evidences an "amount paid" of $3,000 against the amount of $3,000 owed for the "Ct. Appt Investigator."

But, even if there was, in fact, evidence of a "payment" for an erroneously assessed "cost," it was made under protest; and that payment should be refunded to the appellant or applied to other properly assessed costs or the fine.  However, on this record, I would not reach that issue.  The issue should be overruled because the appellant has not shown error in the trial court's judgment.

Since the Court's judgment affirms the trial court's judgment, it reaches the correct result, notwithstanding it is for the wrong reason.

Accordingly I concur in the Court's judgment.


TOM GRAY
Chief Justice


Concurrence delivered and filed February 1, 2024



---

days after the trial court signed the Order.  And the document at CR 250, which is indexed in the Clerk's record as a Certified Bill of Costs, like the attachments, is not actually certified.  Indeed it could not be properly certified because it includes the fine, and fines do not belong in a bill of costs.